PER CURIAM.
The defendants in a mortgage foreclosure suit have appealed from a final decree based upon a summary decree, entered by the Circuit Court for Duval County, determining the amount of principal and interest due on the mortgage note.
*304 The critical question on this appeal concerns that court’s construction of an acceleration provision in the mortgage note.
On August 30, 1951, the defendants executed the mortgage note in the principal sum of $5,500, with interest thereon at the rate of six per cent per annum from the said date “until maturity,” payable quarter-annually. The maturity date of the note was two years after the said date, namely, August 30, 1953. The note also contained the critical acceleration provision quoted and discussed below.
On December 22, 1961, the plaintiff filed the present suit to foreclose the mortgage securing the said mortgage note.
All parties agree that prior to the said maturity date no default occurred on the defendants’ part, though they did not pay the principal sum of the note on the maturity date.
As a defense to the suit the defendants alleged and proved that they had paid the interest due on the note at the rate of 6 per cent per annum in quarter-annual installments through November 30, 1956, that the plaintiff had not exercised prior to filing the suit the option provided in the note to declare the unpaid principal and accrued interest immediately due and collectible. The defendants also alleged and proved that on December 6, 1961, they tendered $7,156.-50, which was principal sum with interest at 6 per cent from November 30, 1956, to December 7, 1961, but the plaintiff refused ⅜ accept the amount tendered as full payment of the note, which amount the defendants deposited in the registry of the court. In his reply to this defense the plaintiff admitted that the interest had been paid at the rate of six per cent through November 30, 1956, but denied that the quarter-annual installments subsequent to the maturity date were paid, since they should have reflected interest at the rate of ten per cent per annum. The issue was thus raised whether the note provides for a six or a ten per cent interest rate after maturity.
Resolving this issue required a judicial construction of the following provision of the note:
“If default be made in the payment of any of said sums or interest or in the performance of any agreements contained herein or in the said mortgage then, at the option of the holder of the same, the principal sum then remaining unpaid with accrued interest shall immediately become due and collectible without notice, time being of the essence of this contract, and said principal sum and said accrued interest shall both bear interest at the rate of ten per centum per annum, from such time until paid.”
In his summary decree the chancellor concluded that the option to accelerate the principal balance became inoperative at maturity and was inapplicable in this case inasmuch as no default occurred prior to. the maturity date. He then held that the note “provides for interest on the principal sum at the rate of 6% per annum until' maturity, and, thereafter, at the rate of 10% per annum, unless the principal be paid' on or before the maturity date; therefore, after the principal sum had been matured and became due and payable, and was not paid, the rate of interest became 10%.” In: his final decree the chancellor provided for the foreclosure of the mortgaged property if the mortgage lien were not satisfied, and' computed such lien as follows: the principal sum, the amount of $4,689.42 as interest to the date of the decree at the rate of 10%, together with costs and attorney’s, fees, for a total of $11,200.42. Against this total the defendants were given a credit for $1,072.50, which they had paid.
While the provision of the note quoted above is not clearly worded as to its-application to the situation before us and is therefore somewhat ambiguous, we cannot agree with the chancellor’s interpretation. Considering all of the note’s provisions, as-the chancellor did and as we must do, we- *305 find that the note provides for an interest rate of six per cent until maturity, but there is no provision expressly stating the rate after the maturity date. Whatever may have actually been within the minds of the parties at the time of the transaction, we are restricted in our consideration to the parties’ intention as expressed in the note. We have no authority to rewrite the note by adding a provision which the parties failed to incorporate in their instrument.
Considering the exact language of the provision quoted above, consisting of a single sentence, we are of the opinion that the final clause, which provides for the ten per cent rate, is an integral part of the preceding clauses that relate to the option of the holder of the note to declare immediately due and collectible the unpaid principal balance and accrued interest when there has occurred a default on the part of the maker. We think that, both logically and grammatically, the provision as to the ten per cent rate is contingent upon the holder’s proper exercise of such option. Here there was no default prior to the maturity date, and obviously there could be no acceleration after the note had matured. In any event, at no time before filing his suit did the plaintiff exercise or attempt to exercise the option to accelerate, nor did he give notice that he would demand ten per cent interest on the principal indebtedness after maturity. Under these circumstances the entire quoted provision, including the reference to the ten per cent rate, became inoperative.
Under our construction, then, the note contains no express provision as to the rate of interest after the maturity date, in which circumstance the legal rate of interest of six per cent is applicable after that date, as provided by Section 687.01, Florida Statutes, F.S.A.
Accordingly, the final decree is reversed, and the cause is remanded with directions for further proceedings consistent with the views herein expressed.
Reversed and remanded with directions.
CARROLL, DONALD K., C. J., and WIGGINTON and RAWLS, JJ., concur.