COBB, Chief Judge.
The issue on this appeal is whether the trial judge applied the proper interest rate from maturity of a note until time of judgment. The note, in the original amount of approximately $285,000.00, was executed on September 8, 1972, by the appellant, Olde MacDonald’s Farms Inns Corporation, and guaranteed by the appellant, Louis Schreiber. The promissee was a Mrs. Schwahl. The maturity date was September 8, 1979.
The note provided that Olde MacDonald’s pay interest at the rate of seven-and-a-half percent per annum for twenty-four months, at which time a principal payment in the amount of $70,000.00 would be made. The remaining principal balance, with accrued interest at the rate of seven percent on the unpaid principal, would be paid thereafter in five equal annual installments. The note also provided:
If thirty days default be made in the payment of any of the sums or interest mentioned herein or in said mortgage, or in the performance of any of the agreements contained herein or in said mortgage, then the entire principal sum and accrued interest shall, at the option of the holder hereof, become at once due and collectible without notice, time being of the essence; and said principal sum and accrued interest shall both bear interest from such time until paid at the highest rate allowable under the laws of the State of Florida. Failure to exercise this option shall not constitute a waiver of the right to exercise the same in the event of any subsequent default.
It was undisputed at trial that Olde MacDonald’s paid the Schwahl note according to its terms until the first principal payment was due. That principal payment of $70,000.00, due in September of 1974, was never made. At that point, Olde MacDonald’s increased the interest payments to $2,194.60 per month, which was the equivalent of nine-and-a-quarter percent interest on the unpaid balance. Olde MacDonald’s continued these interest payments through October, 1975. The payments were recommenced by Olde MacDonald’s in July, 1980, at the request of Mrs. Schwahl’s personal representative. These interest payments continued through the monthly payment in September, 1981, when they again ceased. No further payments were made on the Schwahl note thereafter.
McDill Columbus purchased the note and mortgage in March, 1983. It did not serve any notice of acceleration until the institution of foreclosure proceedings in 1984. Final judgment was rendered in October of 1984 against Olde MacDonald’s and Schreiber, with a finding that the maximum interest rate of eighteen percent became applicable on September 8, 1979, and after that date, with principal and interest compounded annually.
The appellants contend that the note is silent on the rate to be applied after maturity, and therefore the statutory interest rate of six percent should be applied. The case of Olson v. Hirschberg, 145 So.2d 303 (Fla. 1st DCA 1962), supports the appellants. In that case, the trial court applied the pre-maturity interest rate agreed to by the parties, and was reversed by the appellate court, which held that section 687.01, Florida Statutes, was applicable since the parties had not expressly contracted in regard to the rate of interest after maturity.
We reject Olson as illogical and agree with the trial judge in that case. It seems apparent to us that the rate agreed to by the parties, in the absence of a contrary provision or agreement between them, survives the maturity date of a note. *799 In the instant case, we disagree with the trial judge in his application of the eighteen percent figure, which was allowable only in the event of default and acceleration by the holder — which did not occur in this case. What did occur, however, is that the parties, prior to maturity, agreed to modify the interest rate from seven percent to nine-and-a-quarter percent, and the holder of the note, in exchange therefor, refrained from acceleration and foreclosure for a number of years. We, therefore, reverse the trial court’s determination to award eighteen percent interest and to compound that interest annually. We remand for entry of a judgment based upon an interest rate of nine-and-a-quarter percent simple interest from the date of maturity, September 8, 1979, until entry of the final judgment.
REVERSED and REMANDED.
FRANK D. UPCHURCH, Jr., J„ and GOSHORN, G.S., Associate Judge, concur.